Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 319 | **DATE** | 9/19/2003 |
| **CASE TITLE** | MARIA VALENZUELA vs. F.L. SMITHE MACHINE CO., INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion for summary judgment [10-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | SEP 2 2 2003 | |
| | Notified counsel by telephone. | date docketed | 19 |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 9/19/2003 | |
| CR | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA VALENZUELA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 03 C 319 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| F.L. SMITHE MACHINE CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
SEP 22 2003

## MEMORANDUM OPINION AND ORDER

Maria Valenzuela ("Valenzuela") originally filed this action against F.L. Smithe Machine Company, inc. ("Smithe") in the Circuit Court of Cook County, Illinois, claiming negligence, breach of implied warranty and strict product liability for personal injuries she sustained while working on a Smithe envelope machine. Smithe properly removed the action based on diversity jurisdiction. Thereafter, Valenzuela voluntarily dismissed her strict product liability claim. Smithe moves for summary judgment on Valenzuela's remaining claims pursuant to Fed. R. Civ. P. 56.

## BACKGROUND

The following facts are undisputed unless otherwise noted. Smithe designs, manufactures and sells envelope manufacturing machines. In 1984, Smithe designed, manufactured and sold a rotomatic envelope machine to Colfax Envelope ("Colfax") for $100,000.

Colfax manufactures envelopes. The Smithe envelope machine was designed to meet Colfax's specifications. The machine is 29 feet long, approximately 7 feet tall at its highest point and weighs between 24,000 and 26,000 pounds. It is mounted on leveling plates on the Colfax shop

1

floor. Colfax modified its facility to accommodate the machine by constructing electrical conduit for electricity and piping for pneumatic power. The Smithe envelope machine was intended to be permanent.

Valenzuela worked for Colfax. On December 21, 1996, Valenzuela injured her hand while working on the Smithe envelope machine. A guard on the Smithe envelope machine would have prevented the accident.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Silk v. City of Chicago*, 194 F.3d 788, 798 (7th Cir.1999). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### II. Choice of Law

A federal court exercising diversity jurisdiction must apply the choice of law rules of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Illinois courts apply Illinois statutes of limitations to claims filed in Illinois, even when Illinois choice of law principles dictate the application of another state's law. *Cox v. Kaufman*, 212 Ill. App. 3d 1056,

1062, 571 N.E.2d 1011, 1015 (1st Dist.1991). The parties do not dispute that Illinois statutes of limitations apply to Valenzuela's claim.

## III. Statute of Repose

Smithe asserts Valenzuela's claims are barred by the ten year period of repose in 735 ILCS 5/13-214 ("§ 13-214"). Section 13-214(b) provides in relevant part:

> No action based upon tort, contract or otherwise may be brought against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property after 10 years have elapsed from the time of such act or omission.

It is undisputed that ten years have elapsed since the Smithe envelope machine was designed, manufactured and installed at Colfax. Rather, the parties dispute whether the machine is an improvement to property under § 13-214.

An improvement to property is defined as:

> [a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes.

*Garner v. Kinnear Mfg. Co.*, 37 F.3d 263, 267 (7th Cir. 1994), *quoting St. Louis v. Rockwell Graphic Systems, Inc.*, 220 Ill. App. 3d 704, 709, 581 N.E.2d 93, 96 (1st Dist. 1991), *vacated on other grounds*, 153 Ill.2d 1, 605 N.E.2d 555 (1992). To determine what constitutes an improvement to real property, the court considers "whether the addition was intended to be permanent or temporary, whether it became an integral component of the overall system and whether the value and use of the property was enhanced." *Id.*

Valenzuela does not dispute that the Smithe envelope machine is a permanent, integral and valuable addition to Colfax's business of making envelopes. Rather, she claims the machine is

3

nothing more than a large product bolted to the floor. Response at 3. As Smithe points out, this argument has already been rejected by the Seventh Circuit. *See, e.g, Garner*, 37 F.3d at 267 n. 4 ("a 'product' under appropriate circumstances can constitute an improvement to real property"). Indeed, companies that design, manufacture and/or install specialty products often are protected by the Illinois statute of repose. *See, e.g., Garrison v. Gould, Inc.*, 36 F.3d 588, 591 n. 3 (7th Cir. 1994), *citing, e.g., Herriott v. Allied Signal, Inc.*, 998 F.2d 487 (7th Cir. 1993)(designer, manufacturer and installer of coal charging machine); *Hausman v. Monarch Mach. Tool Co.*, 997 F.2d 351 (7th Cir. 1993)(designer, manufacturer and installation supervisor of anneal line for metal coils); *Witham v. Whiting Corp.*, 975 F.2d 1342 (7th Cir. 1992)(manufacturer and installation inspector of crane). In *Witham*, a specially-designed crane was found to be an improvement to real property, rather than just a product, because:

> [The defendant] did not place the crane into the 'stream of commerce.' It did not simply pluck the crane from its inventory and ship it to Allied. Instead, it specially manufactured the crane for Allied based on information Allied provided about its plant.

*Witham*, 975 F.2d at 1347. Similarly, Smithe specially designed, manufactured and installed the envelope machine based on Colfax's specifications. Moreover, Colfax modified its facility to accommodate the installation of the approximately 12 to 13 ton machine. Based on this record, the Smithe envelope machine is an improvement to real property under § 13-214(b). *See St. Louis*, 153 Ill.2d at 4-5, 605 N.E.2d at 556-57 (evidence regarding printing press and construction modifications needed to install it necessary to § 13-214(b) determination).

Nevertheless, Valenzuela claims the court should disregard Seventh Circuit decisions in favor of Illinois decisions because the Seventh Circuit interprets an improvement to real property more

4

broadly than the Illinois courts. Valenzuela fails to offer any authority supporting her position. Indeed, the Seventh Circuit's interpretation of improvement to real property is based on and consistent with the Illinois courts' interpretation. *See, e.g., Garrison*, 36 F.3d at 591 n. 3, *citing, e.g., Cates v. Hunter Eng'g Co.*, 205 Ill. App. 3d 587, 563 N.E.2d 1239 (3d Dist. 1990)(defendant who designed, built and assisted in installing rolling mill insulated by statute); *Cross v. Ainsworth Seed Co.*, 199 Ill.App.3d 910, 557 N.E.2d 906 (4th Dist. 1990)(manufacturer and installer of conveyer belt protected by statute). *See also St. Louis*, 153 Ill.2d at 5, 605 N.E.2d at 556 (printing press could be considered improvement to real property under appropriate circumstances). Under both Seventh Circuit and Illinois authority, Valenzuela's claims are barred by the 10 year statute of repose.

## CONCLUSION

Smithe is entitled to judgment as a matter of law on all claims advanced by Valenzuela.

September 19, 2003

ENTER:

Suzanne B. Conlon
United States District Judge

5